TERRELL THOMPSON, Surviving Partner, etc., *v.* W. W. WICKERSHAM and J. N. WARDLAW.

HOMESTEAD. *Right of. Cannot prevail over vendor's and mechanic's lien. When. Such lien continues. How long. And may be enforced. How.* The homestead right cannot prevail over the lien given by statute, in favor of one furnishing the material for the building on the lot claimed as a homestead, and this lien includes not only the buildings erected, but also the lot upon which they are erected, and continues for one year after the time at which the materials were furnished. The lien thus given by statute may be enforced by attachment either at law or equity.

Code cited: Sections 1981*a*, 2114*a*, 1985, 1987; Act of 1870.

## FROM SHELBY.

Appeal from the Chancery Court.    R. J. MORGAN, Chancellor.

No counsel marked.

DEADERICK, C. J., delivered the opinion of the court.

In August, 1873, complainant filed his attachment bill against defendants, to enforce a lien given by sec. 1981*a* of the Code, for material furnished in October, 1872, to defendant Wickersham, for building a house, erected by him, upon a lot described in the bill. The lot was bought of defendant Wardlaw, and the bill seeks, subject to the vendor's lien, to have the lot and building thereon sold to pay for the materials furnished. The chancellor so decreed, and the defendant Wickersham appealed.

He resists the recovery on two grounds: first, upon his homestead right, and secondly, upon the ground that the 25,000 brick he got, being the material alleged by complainant for which he seeks a recovery, in fact belonged to him and one Boydston as partners.

The acts exempting the homestead from sale by execution or attachment for debts, do not exempt it from sale for the satisfaction of any debt or liability contracted for its purchase, or legally incurred for improvements made thereon. Act of 1870; Code, section 2114*a*.

And section 1981*a* of Code, gives a lien in favor of all persons furnishing any portion of the material for the building contemplated by section 1981.

The homestead right, therefore, cannot prevail over the lien given by statute in favor of one furnishing material for the building on the lot claimed as a homestead. And this lien includes not only the buildings erected, but includes also the lot upon which the buildings are erected—Code 1985—and continues for one year after the time at which the materials were furnished. The lien thus given by statute may be enforced by attachment, either at law or in equity. Section 1987.

The evidence in the cause satisfies us that defendant Wickersham had no claim as a partner upon the brick he received of complainant. If he had any claim, it was against Boydston, upon the footing of a separate contract between him and Boydston, that he, Wickersham, was to have one-half of the profits of Boydston's contract. But even this claim is not sat-

isfactorily made out. Boydston denies it, and admits that he received from Thompson all the brick he was entitled to, under his contract with them, and Thompson proves that he sold the brick to Wickersham, which went into the building, and notified him that he held him responsible for them.

We are, therefore, of opinion that the chancellor's decree was correct, and affirm it.